Argued November 13, affirmed December 4, 1928.

## BARBARA HAFNER *v.* JOHN HAFNER.

(272 Pac. 288.)

For appellant there was a brief and oral argument by *Mr. W. C. Winslow.*

For respondent there was a brief over the names of *Mr. G. G. Smith* and *Mr. Hall S. Lusk,* with an ·oral argument by *Mr. Smith.*

McBRIDE, J.—This was a suit for divorce on the ground of cruel and inhuman treatment. Defendant denied the allegation of cruel and inhuman treatment and filed a cross-complaint asking for a divorce from his wife on the ground of desertion. It would serve no good purpose to discuss the evidence in this case, but we are satisfied from the testimony that the defendant is a man possessed of a cross and surly disposition, having but slight affection for his children and little regard for his wife, except as a servant and workhand about the place. We think the evidence substantially indicates that from a very short time after the plaintiff and defendant were married up to the time she finally left him and went to Portland to live, his conduct toward her, both in word and deed, had been uniformly harsh and cruel extending, in not infrequent instances, to acts of physical violence, and that his conduct toward his children, of whom ten were born

during the marriage, was not that of an affectionate father but of such a harsh character that they left the parental roof as soon as they were able to earn a living, and these, with one exception, corroborate their mother's statement in regard to their father's treatment of their mother as well as of themselves.

We do not think there is evidence of any condonation of this continued course of ill treatment of plaintiff by defendant. Condonation, by living and cohabiting together after the offense, is confined to cases where adultery has been committed, and does not apply strictly to instances of cruel and inhuman treatment. It seems more probable to us that this much abused plaintiff submitted to these indignities while her children were small, because as a good mother she could see no other course; and when the children were older and she saw an opportunity, possibly by their help, to escape the tyranny of her husband she took advantage of it. She is not to be blamed or legally condemned because she thought it better to stay with the family while the children were very young rather than to subject them to hardships, which would necessarily result from leaving her husband earlier. Unless the testimony of the plaintiff and that of all except one of the children is to be considered as absolutely perjured, and this is unthinkable, she has shown herself entitled to a divorce and the decree of the Circuit Court is affirmed. AFFIRMED.

RAND, C. J., and COSHOW and BEAN, JJ., concur.